[Cite as *State v. Buie*, 2020-Ohio-448.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190163 |
| | | TRIAL NO. 18CRB-26990 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DEUNDRAE BUIE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  February 12, 2020

*Paula Boggs Muething*, City Solicitor, *William T. Horsley*, Interim City Prosecutor, and *Jon Vogt*, Appellate Director, for Plaintiff-Appellee,

*Robinson & Jones Co., L.P.A.*, and *Matthew E. Wiseman*, for Defendant-Appellant.

**WINKLER, Judge**.

{¶1} After he fled from the police during a traffic stop in October 2018, defendant-appellant Deundrae Buie was arrested for several offenses, including obstructing official business, in violation of R.C. 2921.31. At the time of his arrest, the police seized $2,700 found on Buie's person. Later, pursuant to a guilty plea, Buie was convicted of the obstructing offense. At the same time, the state dismissed the other charges pending against Buie in accordance with a plea agreement. Although the complaint setting forth the obstructing offense did not contain a necessary forfeiture specification related to the seized cash, and Buie had asked for the return of the cash at sentencing, the trial court ordered the forfeiture of the cash in addition to imposing a sentence. Buie challenges only the forfeiture order in this appeal.

{¶2} In his sole assignment of error, Buie argues the forfeiture was improper because it was ordered without due process and without cause. He seeks a reversal of the forfeiture order and an order providing for the return of his cash. The state concedes that the trial court erroneously ordered forfeiture of the cash and does not contest Buie's claims that the cash belongs to him, the cash is not subject to forfeiture, and the court should order the cash returned to him.

{¶3} In ordering the forfeiture, the trial court ostensibly relied upon the authority provided in R.C. Chapter 2981. Those provisions, which were significantly amended in part in 2016 Sub.H.B. No. 347, effective April 6, 2017, provide for criminal and civil proceedings to forfeit seized property. The record reflects, and the state concedes, that the relevant provisions were not complied with in this case. Thus, we sustain the assignment of error.

2

**{¶4}** Consequently, we reverse the trial court's judgment ordering the forfeiture. Further, in light of the fact that the state does not contest Buie's claim that the trial court should have granted his request for the return of the seized cash, we instruct the court on remand to issue an order returning the cash to Buie.

Judgment reversed and cause remanded.

**MYERS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.